**David Dwayne DUGAN, Petitioner-Appellant,**

v.

**Gary SWARTHOUT, Warden, Respondent-Appellee.**

**No. 11-16043**

United States Court of Appeals, Ninth Circuit.

Submitted March 8, 2017 *

Filed March 17, 2017

Margaret Joan Littlefield, Attorney, Law Office of Margaret Littlefield, Bolinas, CA, for Petitioner-Appellant

David Dwayne Dugan, Pro Se

---

* The panel unanimously concludes this case is suitable for decision without oral argument.

*See* Fed. R. App. P. 34(a)(2).

Maria G. Chan, Deputy Attorney General, AGCA-Office of the California Attorney General, Sacramento, CA, for Respondent-Appellee

Before: LEAVY, W. FLETCHER, and OWENS, Circuit Judges.

MEMORANDUM **

David Dwayne Dugan appeals from the district court's judgment denying his 28 U.S.C. § 2254 habeas petition challenging a 2009 decision by the Board of Parole Hearings denying parole and deferring his next parole hearing for five years in accordance with California Penal Code § 3041.5 ("Marsy's Law"). We dismiss.

This court issued a certificate of appealability ("COA") on whether application of Marsy's Law to delay Dugan's next parole hearing for five years violates the Ex Post Facto Clause, and whether Dugan's membership in a class action precludes his individual litigation of this claim in habeas. We vacate the COA as improvidently granted and dismiss this appeal for lack of jurisdiction. *See Nettles v. Grounds*, 830 F.3d 922, 934-35 (9th Cir. 2016) (en banc) (holding that claims fall outside "the core of habeas corpus" if success will not necessarily lead to immediate or earlier release from confinement), *cert. denied*, 580 U.S. ——, 137 S.Ct. 645, 196 L.Ed.2d 542 (2017) ; *Phelps v. Alameda*, 366 F.3d 722, 727-28, 730 (9th Cir. 2004) (merits panel has the power to rule on the propriety of a COA).

The dismissal of this appeal does not preclude Dugan from pursuing conditions of confinement claims in a properly filed civil rights action under 42 U.S.C. § 1983.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. R. 34(a)(2).

All pending motions are denied as moot. **DISMISSED.**